**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

TERESA HARRIS,

*Plaintiff*,

v.

MYLES STRID, et al.,

*Defendants*.

No. 2:26-cv-00015-JMD

**ORDER GRANTING MOTION TO DISMISS**

After William Dunbar died of a fentanyl overdose while incarcerated, his mother, Teresa Harris, sued warden Myles Strid. Harris raises a claim of deliberate indifference under 42 U.S.C. § 1983 and a claim for wrongful death under Mo. Rev. Stat. § 537.080. But Strid has qualified immunity on the federal claim. And the Court declines to exercise supplemental jurisdiction over Harris's state-law claim against him.

**Background**

William Dunbar was incarcerated at Moberly Correctional Center until he died from a fentanyl overdose on February 24, 2023. ECF 17 ¶¶ 1, 10. Nearly three years later, his mother, Teresa Harris, sued the prison's warden, Myles Strid. Harris brings a deliberate indifference claim under 42 U.S.C. § 1983 (Count I) alleging that Dunbar had a documented drug dependency that presented heightened health concerns. *Id.* ¶ 52. She argues that that Strid "knew or should have known" that Dunbar "faced a substantial risk of fatal overdose from contraband fentanyl" and that Strid "failed to implement policies requiring staff to be trained to recognize signs of opioid overdose and to respond immediately." *Id.* ¶¶ 61, 78. Harris also asserts that Dunbar "was not discovered immediately by staff upon entering respiratory distress." *Id.* ¶ 41.

Harris also brings a claim for wrongful death under Mo. Rev. Stat. § 537.080, arguing that Strid's "deliberate indifference to a known and substantial risk of serious harm" to Dunbar "resulted" in Dunbar "suffering a fatal fentanyl overdose while incarcerated." *Id.* ¶ 88.

Strid moves to dismiss Harris's complaint, arguing that he is entitled to qualified immunity for the federal claim under 42 U.S.C. § 1983 and official immunity for the state-law claim brought against under Mo. Rev. Stat. § 537.080. ECF 18.

**Legal Standard**

To survive a motion to dismiss, a plaintiff must allege facts in his complaint sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted).

**Analysis**

The Court first examines whether qualified immunity requires dismissal of Harris's federal-law claim and then addresses whether to exercise supplemental jurisdiction over Harris's remaining state-law claim.

**I.**

To determine if Strid is entitled to qualified immunity, the Court applies a two-pronged framework: (1) "whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right," and (2) "whether the right was clearly established at the time of the alleged infraction." *Cent. Specialties, Inc. v. Large*, 18 F.4th 989, 996 (8th Cir. 2021) (citation omitted). Harris has not plausibly pleaded either prong.

**A.**

Harris alleges Strid violated Dunbar's Eighth Amendment rights. ECF 17 ¶ 46. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted this phrase to forbid "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Because Harris brings a claim for deliberate indifference under the Eighth Amendment, she must plausibly allege both that (1) Dunbar had an objectively serious medical need, and (2) Strid acted with subjective recklessness to that need. *Thompson v. King*, 730 F.3d 742, 746 (8th Cir. 2013). Harris has not established either one.

Harris alleges that Dunbar faced an objectively excessive risk of overdosing because of his "drug dependency" and that Strid failed to "shield" Dunbar from "the presence and danger of illicit drugs." ECF 17 ¶ 13. In other words, Dunbar had a drug problem, and he used drugs after obtaining them while in prison. These allegations make this case "differ[ent] from the typical" Eighth Amendment complaint, some of which can survive a motion to dismiss. *Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024). "Ordinarily, the risk facing the inmate is one over which prison officials have exclusive control." *Id.* "By contrast, inmates always retain the ability to choose not to take drugs and thereby avoid any risk of overdosing." *Id.* Federal courts have only found plausible an objective risk of serious harm in prisoner drug overdose cases where a plaintiff has alleged all three of the following: (1) a "widespread presence of drugs" in the facility such that the risk of exposure to drugs is greater inside the facility than outside of the facility, *id.* at 684; *see Kern v. St. Charles Cnty., Mo.*, No. 4:20-cv-00884-SPM, 2022 WL 1262507, at *6 (E.D. Mo. Apr. 28, 2022); *Zakora v. Chrisman*, 44 F.4th 452, 470–72 (6th Cir. 2022), (2) "back-to-back overdoses" that prison staff are aware of, *Caraway*, 98 F.4th at 684; *Zakora*, 44 F.4th at 472, and (3) a "close-in-time"

failure by prison staff to investigate those back-to-back overdoses, *Caraway*, 98 F.4th at 685; *Zakora*, 44 F.4th at 472.

Harris's complaint contains none of these allegations. It contains no factual detail that makes plausible an inference that Dunbar's exposure to drugs was greater inside the facility than outside. It does not allege back-to-back overdoses that are close-in-time. Instead, it alleges two total overdoses in May 2017 and October 2019, six and four years before Dunbar's. ECF 17 ¶ 50. Harris cannot establish the objective element by pointing to these "isolated incidents." *Vandevender v. Sass*, 970 F.3d 972, 977 (8th Cir. 2020) (citation omitted).

Harris's conclusory allegations that Strid failed to properly train and supervise prison employees to "recognize signs of opioid overdose" and "respond immediately" also fail as a matter of law. ECF 17 ¶ 78. "In the absence of any underlying constitutional violation," a failure-to-supervise claim "automatically fail[s]." *Engesser v. Fox*, 993 F.3d 626, 631–32 (8th Cir. 2021) (cleaned up). Harris has not plausibly pleaded an underlying constitutional violation. Harris "does not cite a single case from any jurisdiction in which a plaintiff has succeeded on a deliberate indifference claim based on failure to protect an inmate from exposure to illegal drugs." *Kern*, 2022 WL 1262507, at *8.

Harris's additional argument that Dunbar's overdose was not discovered "immediately" is equally insufficient. ECF 17 ¶ 41. Harris does not cite binding precedent that establishes a right to "any minimum screening procedures or prevention protocols that facilities must use." *Taylor v. Barkes*, 575 U.S. 822, 827 (2015) (per curiam). Harris consequently cannot prevail on the objective element.

Harris fails to satisfy the subjective element as well. To plausibly plead subjective deliberate indifference, Harris must allege that Strid "knew" of Dunbar's "serious medical need and deliberately disregarded that need." *Troupe v. Young*, 143 F.4th 955, 969 (8th Cir.

2025). This showing requires "a mental state akin to criminal recklessness." *Id.* (citation omitted). But Harris does not allege Strid or any other specific member of the staff at Moberly knew fentanyl was present in the facility, nor that any specific member of Moberly's staff knew about Dunbar's unique drug dependency, nor that anyone in particular knew Dunbar would choose to violate prison policy and federal law by accessing and using fentanyl.

Harris must plead that Strid had actual knowledge of these things and still did nothing. Her constitutional claim is not established by alleging that in hindsight, Strid could have recognized a risk and could have prevented harm by acting differently. Instead, it requires a criminally reckless disregard of a known risk. *Id.* That Strid should have known of Dunbar's risk of overdose is insufficient to allege a constitutional violation. *See Smith-Dandridge v. Geanolous*, 97 F.4th 569, 576 (8th Cir. 2024). Actual knowledge is the standard. *Id.*; *accord Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 883–884 (8th Cir. 1998). Harris does not allege that Strid had actual knowledge. So dismissal is proper.

B.

Strid is entitled to qualified immunity for the additional reason that Harris has not plausibly pleaded a violation of a clearly established constitutional right. "For a right to be clearly established, the law must have been sufficiently clear, at the time of the official's conduct, to put every reasonable official on notice that what he was doing violated that right." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019) (cleaned up). "Existing precedent must have placed" the "constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (cleaned up). But "ingesting illegal drugs is a self-inflicted harm" and Eighth Amendment case law on "self-inflicted harm is not clear." *Hampton v. Hamm*, No. 2:20-cv-00385-WKW, 2022 WL 69214, at *5 (M.D. Ala. Jan. 6, 2022). "Specifically, it is unclear whether prison officials can be deliberately indifferent to *structural*

risks of self-harm, or if the duty to tackle a risk of self-harm only applies when the prison official knows of a *particular prisoner's* risk of self-harm." *Id.* Harris provides no persuasive case law that discusses—much less endorses—her interpretation of Dunbar's constitutional rights. Indeed, there are "no Eighth Circuit cases on point." *Miles v. Jefferson Cnty., Mo.*, No. 4:25-cv-00164-NCC, 2026 WL 100573, at *5 (E.D. Mo. Jan. 14, 2026) (citation omitted). And "outside the Eighth Circuit," the "majority of cases" have rejected "claims brought by inmates absent facts suggesting that the risk of exposure to drugs was greater inside the facility than outside of the facility." *Id.* (citing *Johnson v. Morton*, No. 7:21-cv-00986-VB, 2022 WL 1556404, at *4 (S.D.N.Y. May 17, 2022)). Harris does not identify any clearly established right that Strid violated. Strid is therefore entitled to qualified immunity.

**II.**

Because the Court concludes dismissal of Harris's federal claim is proper, the Court has discretion whether to exercise supplemental jurisdiction over Harris's claim under state law. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011); 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This is because federal courts should "exercise judicial restraint and avoid state law issues whenever possible" and should "provide great deference and comity to state court forums to decide issues involving state law questions." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). After consideration of the relevant factors, including "judicial economy, convenience, fairness, and comity," *Carnegie-Mellon*, 484 U.S. at 350 n.7, the Court declines to exercise supplemental jurisdiction over Harris's state law claim.

### Conclusion

The Court **GRANTS** Strid's motion to dismiss, ECF 18. Harris's claim under 42 U.S.C. § 1983 (Count I) is **DISMISSED**, with prejudice. Harris's claim under Mo. Rev. Stat. § 537.080 (Count II) is **DISMISSED**, without prejudice.

Dated this 15th day of September, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI